UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHALIFAH E.D. SAIF'ULLAH,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON ETHICON, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-02844-VKD<br><br>**ORDER OF REASSIGNMENT TO A DISTRICT JUDGE** |

Plaintiff Khalifah Saif'ullah, a state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Johnson & Johnson and its subsidiary, Webster Surgery Center Pinole, Collin Mbanugo, San Quentin State Prison, and the California Department of Corrections and Rehabilitation for injuries sustained from an allegedly defective product, i.e, a hernia mesh implant. Dkt. No. 1. However, plaintiff's claims for strict product liability and negligence are not cognizable under § 1983 and must be dismissed.

All named parties, including unserved defendants, must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. *See* 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 501–04 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). As it appears that this case requires a decision that disposes of the claims against some or all of the defendants at this time, and because not all parties have consented to magistrate judge jurisdiction, the matter must be reassigned to a district judge.

Accordingly, the Clerk shall reassign this case to a district judge pursuant to the Court's

///

assignment plan.

**IT IS SO ORDERED.**

Dated: August 4, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge